UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDEN TRAPP,<br>Plaintiff,<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION,<br>Defendant. | Case No. 25-13777<br>Honorable Shalina D. Kumar<br>Magistrate Judge Kimberly G. Altman |

**OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO VACATE ARBITRATION AWARD (ECF NO. 18) AND GRANTING DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD (ECF NO. 11)**

Plaintiff Branden Trapp ("Trapp"), proceeding pro se, moved to vacate an arbitration award entered in favor of defendant Credit Acceptance Corporation ("CAC"). ECF No. 18. CAC filed a cross-motion to confirm the arbitration award. ECF No. 11. The Court has reviewed the briefing and finds a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the Court denies Trapp's motion to vacate the arbitration award and grants CAC's motion to confirm it.

## I. Background

Trapp initiated arbitration against CAC in March 2025 by filing a demand with the American Arbitration Association ("AAA") which included claims of violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and the Michigan Consumer Protection Act, MCL § 445.901, *et seq.* ("MCPA"). Trapp later added an Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA") claim. CAC filed a timely response to Trapp's demand and included a counterclaim for breach of contract. The counterclaim alleged that Trapp "obtained indirect financing to purchase a used vehicle through [CAC] but failed to make all of the promised monthly-installment payments." ECF No. 11, PageID.311. CAC stated that Trapp had a remaining balance of $17,487.61 on his account, and a past due balance of $6,160.37. *Id.* On July 14, 2025, the arbitrator issued a scheduling order that indicated the case would be decided on the documents only, *i.e.* a "desk arbitration." Plaintiff did not object to the scheduling order.

The arbitrator issued a Final Award ("Award") on November 13, 2025. Trapp was awarded $500 in actual damages related to his FCRA count against CAC, and all other claims were denied. CAC was awarded

$17,487.61 on its breach of contract counterclaim, for a net award to CAC of $16,987.61.

Trapp moves to vacate the Award, arguing it "cannot stand because the arbitrator exceeded her powers and failed to meaningfully adjudicate the claims and defense submitted for decision." ECF No. 19, PageID.429. CAC alleges Trapp's motion was filed to "exert leverage in pursuit of a quick settlement with [CAC], to postpone the unavoidable entry of the Arbitration Award so as to retain use of the vehicle without remitting further payments to [CAC], and to circumvent future adverse credit reporting" and should be denied. *Id.* at PageID.310.

## II. Analysis

### A. Standard of Review

"The Federal Arbitration Act . . . expresses a presumption that arbitration awards will be confirmed." *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 429 F.3d 640, 643 (6th Cir. 2005) (citing 9 U.S.C. § 9). Indeed, [c]onvincing a federal court to vacate an arbitral award is a herculean task." *Warfield v. Icon Advisers, Inc.*, 26 F.4th 666, 669 (4th Cir. 2022). Thus, "[w]hen courts are called on to review an arbitrator's decision, the review is very narrow; one of the narrowest standards of judicial review in all of

American jurisprudence." *Samaan v. General Dynamics Land Sys., Inc.*, 835 F.3d 593, 600 (6th Cir. 2016) (citations omitted). In fact, "[u]nder this deferential standard of review, courts are not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misinterpretation of the contract." *Shelby Cnty. Health Care Corp. v. Am. Fed'n of State, Cnty. & Mun. Emps., Loc. 1733*, 967 F.2d 1091, 1094 (6th Cir. 1992); *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987) ("Courts thus do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.").

The FAA and Sixth Circuit precedent identifies only four situations in which a court may vacate an arbitration award: (1) where the award was procured by fraud, (2) where the arbitrator was evidently partial or corrupt, (3) where the arbitrator misbehaved so that a party's rights were prejudiced, or (4) where the arbitrator exceeded his powers or executed them so that a final, definite award was not made. *Dawahare v. Spencer*, 210 F.3d 666, 669 (6th Cir. 2000) (citing 9 U.S.C. § 10(a)); *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008) ("We now hold that §§ 10 and 11 respectively provide the FAA's exclusive grounds for expedited

vacatur and modification."). In addition, a reviewing court may vacate an award where the arbitrators have manifestly disregarded the law. *Dawahare*, 210 F.3d at 669; *see also In re Romanzi*, 31 F.4th 367, 375 (6th Cir. 2022) (noting that the "manifest disregard of the law" test is "part and parcel of the statutory prohibition against the arbitrators' 'exceed[ing] their powers,' because 'arbitrators do not exceed their authority unless they display a manifest disregard of the law' ") (citations omitted); *but see Samaan*, 835 F.3d at 600 ("Whether manifest disregard of the law may still supply a basis for vacating an arbitrator's award . . . after *Hall Street* is an open question.") (quotation and marks omitted).

Given the strong federal policy in favor of enforcing arbitration agreements, *see Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24 (1983), the burden of proving that the arbitrators exceeded their powers is very great. *Federated Dep't Stores, Inc. v. J.V.B. Indus., Inc.*, 894 F.2d 862, 866 (6th Cir. 1990); *see also Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("A party seeking relief under that provision bears a heavy burden."). In fact, "[i]t is not enough . . . to show that the [arbitrator] committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662,

671 (2010). Thus, an arbitration award cannot be upset based on "mere error" in interpretation or application of the law, *Anaconda Co. v. District Lodge No. 27 of the Int'l Ass'n of Machinists and Aerospace Workers*, 693 F.2d 35, 37–38 (6th Cir. 1982), or error in factual determinations based on disputed or ambiguous evidence, *Nat'l Post Off., Mailhandlers, Watchmen, Messengers & Grp. Leaders Div., Laborers Int'l Union of N. Am., AFL-CIO v. U.S. Postal Serv.*, 751 F.2d 834, 843 (6th Cir. 1985). That is because "[t]he parties bargained for final and binding arbitration and, in the vast majority of cases, will be bound by the arbitrator's decision, right or wrong." *Anaconda*, 693 F.2d at 38.

But an arbitrator may be deemed to have exceeded his or her authority if he or she "refused to heed" a clearly defined applicable legal principle that is not subject to reasonable debate, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jaros*, 70 F.3d 418, 421 (6th Cir. 1995), or the record demonstrates that the arbitrator "strong[ly] reli[ed]" on an unambiguous and undisputed mistake of fact, or "clear misstatements of undisputed historical fact," in making the award. *Nat'l Post Off.*, 751 F.2d at 843. *See also Misco*, 484 U.S. at 38 ("[D]ecisions procured by the parties through fraud or through the arbitrator's dishonesty need not be

enforced."); *In re Romanzi*, 31 F.4th at 375 (requiring "outrageous circumstances" to find manifest disregard and holding that failure to identify evidence that the arbitrators were "aware" of relevant law that they "chose to ignore" was "fatal" to the claim).

Nonetheless, "[o]nly where no judge or group of judges could conceivably come to the same determination as the arbitrators must the award be set aside." *Lynch*, 70 F.3d at 421 (finding arbitrators' decision was "not so patently contrary to established legal precedents as to necessitate that the award be vacated" because there was "ample room for reasonable debate"); *see also Detroit Coil Co. v. Int'l Ass'n of Machinists & Aerospace Workers, Lodge No. 82*, 594 F.2d 575, 580–81 (6th Cir. 1979) ("Although a court is precluded from overturning an award for errors in the determination of factual issues, . . . if an examination of the record before the arbitrator reveals no support whatever for his determinations, his award must be vacated.") (citation omitted).

**B. Discussion**

Trapp fails to raise grounds for vacating the arbitration award under the applicable narrow judicial review. He argues in his motion that the award should be vacated because the arbitrator exceeded her powers and

because she manifestly disregarded the law by finding that Trapp breached his contract with CAC when CAC materially breached the contract first. *See* ECF No. 18.

Notwithstanding Trapp's assertion otherwise, he has not established that the arbitrator exceeded her powers or manifestly disregarded the law. Trapp asserts that the arbitrator refused to apply a clearly defined applicable legal principle not subject to reasonable debate by ignoring Michigan's first-breach doctrine. Trapp argues that CAC materially breached the contract first, and thus, under the first-breach doctrine, was precluded from an award for breach of contract. *See Able Demolition v. Pontiac*, 739 N.W.2d 696, 701 (Mich. Ct. App. 2007) (party who first breaches a contract cannot maintain an action against the other party for its breach or failure to perform). The first-breach doctrine does not apply here because Trapp did not bring a claim for breach of contract against CAC.[1] *See* ECF No. 10, PageID.266–72. Accordingly, the arbitrator never

---

[1] Trapp's arguments suggest a belief that CAC's incomplete reporting and failure to correct information reported to the credit bureaus somehow breached the contract between Trapp and CAC. *See generally*, ECF No. 18. But Trapp made no such claim in his arbitration demand, nor is there any evidence that CAC's reporting obligations were a contractual (as well as a statutory) duty. *See* ECF No. 10, PageID.249–75.

determined that CAC breached the contract, much less that it breached the contract before Trapp did.[2] *See id.* at PageID.287.

In sum, the arbitrator did not defy or ignore a clearly defined applicable legal principle. Trapp thus cannot establish that she manifestly disregarded the law or exceeded her powers by doing so. *In re Romanzi*, 31 F.4th at 375 (arbitrators do not exceed their authority unless they display a manifest disregard of the law). Trapp has not met the exceptionally heavy burden of establishing grounds for vacating the arbitrator's award. Hence, the confirmation of the arbitration award is appropriate.

## III. Conclusion

For these reasons, the Court **DENIES** Trapp's amended motion to vacate the arbitration award (ECF No. 18) and **GRANTS** CAC's motion to

[2] The first-breach rule only applies if the initial breach was substantial, *i.e.*, the nonbreaching party did not obtain the benefit which he or she reasonably expected to receive. *See Able Demolition*, 739 N.W.2d at 701. Trapp received the purchase money loan for his automobile, the benefit he expected to receive from the contract. Accordingly, even if CAC had somehow breached the contract with Trapp and done so before Trapp failed to perform, the breach would not be deemed substantial. CAC's action for breach of contract against Trapp would not have been barred by the first-breach rule.

confirm the arbitration award (ECF No. 11). A separate judgment confirming the award shall issue.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 23, 2026